IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCHERBA INDUSTRIES, INC. ) | CASE NO. | |
| d/b/a INFLATABLE IMAGES ) | | |
| 2880 Interstate Parkway ) | | |
| Brunswick, Ohio 44212 ) | JUDGE | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | **COMPLAINT FOR TRADEMARK** | |
| ) | **INFRINGEMENT** | |
| ALL-STAR INFLATABLES, INC. ) | | |
| 11120 Grader Street ) | | |
| Dallas, Texas 75238 ) | **(Jury Demand Endorsed Hereon)** | |
| ) | | |
| Defendant. ) | | |

Plaintiff Scherba Industries, Inc., doing business as Inflatable Images ("Scherba", "Inflatable Images" or "Plaintiff") asserts the following claims against Defendant All-Star Inflatables, Inc. ("All-Star" or "Defendant").

## NATURE OF THE ACTION

1. This is a civil action for damages and injunctive relief alleging acts of trademark infringement under the Federal Trademark Act, 15 U.S.C. §1114, and the Lanham Act, 15 U.S.C. §1125(a), and for violations of the Ohio Deceptive Trade Practices Act, O.R.C. §4165, *et seq*.

## THE PARTIES

2. Plaintiff Scherba is an Ohio Corporation in good standing with its principal place of business in Brunswick, Ohio. Scherba does business as Inflatable Images.

1

3. Defendant All-Star is a Texas Corporation with its principal place of business in Dallas, Texas. Defendant All-Star creates, designs and manufactures custom cold air inflatables (https://all-starinflatables.com/), including, but not limited to, an "INFLATABLE FIRE HOUSE" (https://all-starinflatables.com/products/interactive/inflatable-fire-house/). All-Star regularly does or solicits business in the Northern District of Ohio, including the marketing of its custom cold air inflatables on its own website, on its companion website (https://inflatablefirehouse.com/) and nationwide, including in the State of Ohio.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338 (Acts of Congress related to trademark). On information and belief, the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limit of this Court. Thus, jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of supplemental jurisdiction. The state law claims are so related to Plaintiff's federal trademark claims as to be part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Ohio. Specifically, the Defendant is reaching out to do business with Ohio residents by operating and/or utilizing one or more commercial, interactive websites through which Ohio residents can appraise and purchase Defendant's products and, on information and belief, has sold and/or shipped products to Ohio. The Defendant is committing

tortious acts in Ohio, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Ohio.

## BACKGROUND

### Plaintiff's Trademark

6. Scherba, under its trademarked name Inflatable Images®, is a full resource manufacturer and promotion fulfillment provider of custom shaped cold air inflatable balloons, images, characters, and other products, which are primarily used for marketing and advertising, and has an established and well-founded reputation for the quality of its products, services and customer satisfaction. Scherba's products are sold on a wholesale and retail basis, as well as provided on a rental basis.

7. Scherba has used the INFLATABLE IMAGES® trademark consistently and continuously for more that 30-years, owns the domain www.inflatableimages.com, and all common law rights and a Federal Trademark Registration for INFLATABLE IMAGES® (Registration No. 2099772 – First use in commerce 1/1/1995), (the "Inflatable Images Mark", **Exhibit "A"**).

8. The Inflatable Images Mark has been continuously used by Plaintiff and never abandoned.

9. The Inflatable Images Mark has, in fact, become incontestable; therefore, the registration constitutes conclusive evidence of Plaintiff's trademark ownership, its exclusive right to use such mark in commerce without restriction or limitation, as well as constructive notice to all persons of its exclusive rights.

10. Scherba adopted and has continuously used the Inflatable Images Mark since at least January 1995 and expends significant time, money, and effort in ensuring that its products

and services identified by the Inflatable Images Mark comply with stringent quality standards. Scherba operates pursuant to the highest quality standards of customer service, and, as well, spends significant money on advertising its products and services and specifically in promoting and expanding its Inflatable Images Mark. These substantial expenditures of time, money, and effort have resulted in a reputation for exceptionally high-quality standards. Scherba has vigorously protected the reputation and goodwill of the Inflatable Images Mark by maintaining the highest possible industry standards.

11. As a result of Scherba's continuous and exclusive use of the Inflatable Images Mark in connection with its products and services, the Inflatable Images Mark enjoys wide public acceptance and association with Scherba and has come to be recognized widely and favorably by the public as an indicator of the origin of Scherba's products and services.

12. As a result of Scherba's extensive use and promotion of the Inflatable Images Mark, Scherba has built up and now owns extremely valuable goodwill that is symbolized by the Inflatable Images Mark.

### Defendant's Infringing Activities

13. Upon information and belief, All-Star is a custom manufacturer of cold air inflatables. All-Star's product line includes inflatable team spirit tunnels, inflatable helmets, inflatable mascots, bounce houses, inflatable games, and inflatable advertising (https://all-starinflatables.com/). All-Star also manufactures and sells inflatable fire education houses (https://inflatablefirehouse.com/). All-Star directly competes with Inflatable Images.

14. Plaintiff discovered that All-Star was using the Inflatable Images Mark in its search engine advertising to lead consumers searching for "Inflatable Images" to see All-Star's website

and "sponsored" advertisement at the top of the search engine results page (see *Google* search results, **Exhibit "B"**).

15. On information and belief, All-Star purchased the Inflatable Images Mark as a *Google Advertisements* keyword to have its own website appear when consumers searched for the term "Inflatable Images".

16. On information and belief, All-Star is exploiting the Inflatable Images Mark in its hidden metadata to manipulate search engine rankings and steal traffic from Inflatable Images' website. By deceptively embedding the Inflatable Images Mark in its metatags, alt text and hidden key words, advertisements and websites displaying All-Star's products and services appear in the search results of an internet search when a consumer searches for "Inflatable Images." See below example of hidden metadata:

```
<script type="application/ld+json" class="yoast-schema-graph">{"@context":"https://schema.org","@graph":[{"@type":["CollectionPage","SearchResultsPage"],"@id":"https://all-starinflatables.com/?s=inflatable%20images","url":"https://all-starinflatables.com/?s=inflatable%20images","name":"You searched for inflatable images - All Star Inflatables","isPartOf":{"@id":"https://all-starinflatables.com/#website"},"breadcrumb":{"@id":"#breadcrumb"},"inLanguage":"en-US"},{"@type":"BreadcrumbList","@id":"#breadcrumb","itemListElement":[{"@type":"ListItem","position":1,"name":"Home","item":"https://all-starinflatables.com/"},{"@type":"ListItem","position":2,"name":"You searched for inflatable images"}]},{"@type":"WebSite","@id":"https://all-starinflatables.com/#website","url":"https://all-starinflatables.com/","name":"All Star Inflatables","description":"Premium Quality Since 1997!","potentialAction":[{"@type":"SearchAction","target":{"@type":"EntryPoint","urlTemplate":"https://all-starinflatables.com/?s={search_term_string}"},"query-input":{"@type":"PropertyValueSpecification","valueRequired":true,"valueName":"search_term_string"}}],"inLanguage":"en-US"}]}</script>
```

17. All-Star's *Google sponsored advertisement* prominently displaying the Inflatable Images Mark, and use of the Inflatable Images Mark in its hidden metadata, has given rise to

5

"initial-interest confusion." Initial interest confusion occurs when a customer is lured to a product or service by a competitor's trademark, even if the customer realizes the true source of the goods or services before the sale is completed. It is a trademark infringement even if no actual sale is finally completed as a result of the confusion.

18. Initial interest confusion recognizes that a trademark owner's goodwill holds value at all times, not merely at the moment of purchase. Thus, by using the Inflatable Images Mark in its *Google sponsored advertisement* and hidden metadata, All-Star received a free ride on the goodwill of the Inflatable Images Mark, thus providing an opportunity that All-Star otherwise would not have achieved, and surreptitiously depriving Scherba of an actual opportunity.

19. On information and belief, potential purchasers mistakenly visited All-Star's website due to All Star's use of the Inflatable Images Mark in its *Google sponsored advertisement* and hidden metadata, and, after learning that there is no connection between the All-Star and Scherba, nonetheless purchased All-Star's product(s).

20. Using the Inflatable Images Mark in All-Star's *google sponsored advertisement* and hidden metadata is much like posting a sign with the Inflatable Images Mark in front of All-Star's store.

21. All-Star's unauthorized use of the Inflatable Images Mark in its keyword advertising and hidden metadata created consumer confusion.

22. All-Star's placement of the Inflatable Images Mark directly in its advertisement text and hidden metadata falsely implied an affiliation or endorsement by Scherba.

23. All-Star's *Google sponsored advertisement* prominently displaying the Inflatable Images Mark, and use of the Inflatable Images Mark in its hidden metadata, is an intentional trademark infringement.

24. On information and belief, customers looking for Inflatable Images have been directed to All-Star's website and purchased goods from All-Star instead. All-Star is misappropriating Inflatable Images' acquired goodwill.

25. On November 17, 2025, Scherba sent a demand letter via email and first-class mail to All-Star (**Exhibit "C"**).

26. The demand letter informed All-Star: (a) about Scherba's Inflatable Images Mark; (b) that All-Star was using the Inflatable Images Mark in its search engine advertising and hidden metadata, and (c) that All-Star's use of the Inflatable Images Mark in its search engine advertising and hidden metadata is likely to cause confusion. Scherba concluded the letter with its demand that All-Star immediately cease all use of the Inflatable Images Mark and provide an accounting of all sales since the first date the "Inflatable Images" *Google* ad keyword and/or *Google sponsored ad* campaign was launched or that the "Inflatable Images" metatags, alt text or hidden key words were embedded (whichever is earliest in time), with sufficient information to determine the full amount of sales, gross revenues and profits.

27. On November 17, 2025, on the same day the demand letter was emailed to All-Star, Mr. Paul Oliver of All-Star left a telephone message for Scherba's counsel and requested a telephone conference.

28. On November 17, 2025, on the same day the demand letter was emailed to All-Star, the *Google sponsored advertisement* was removed from the internet.

29. On November 20, 2025, Scherba's counsel spoke on the telephone with Mr. Paul Oliver. In this telephone conversation, Mr. Oliver refused to refer this matter to legal counsel, denied the existence of the *Google sponsored advertisement* and/or any hidden metadata, and refused to discuss sales for any period of time. Scherba's counsel concluded this telephone

7

conversation by telling Mr. Oliver that if All-Star's counsel did not make contact to address open issues by December 10, 2025, Scherba would proceed with a lawsuit to recover damages for trademark infringement.

30. On December 10, 2025, Scherba's counsel sent an email to Mr. Oliver reminding him about the December 10, 2025, deadline and that if a communication was not received by All-Star's legal counsel, Scherba would proceed with a lawsuit. This email was ignored by All-Star.

31. All-Star's foregoing acts have caused and continue to cause damage and irreparable harm to Scherba through, *inter alia*, lost profits and/or opportunities, and damage to Scherba's reputation.

32. All-Star acted willfully or knew or should have known that such actions constitute trademark infringement.

33. Scherba has suffered damage and is in danger of suffering further damages from All-Star's unlawful practices.

34. Due to All-Star's intentional, flagrant, and willful infringing activities, and refusal to address the foregoing with Scherba, Scherba is left with no choice but to file this lawsuit seeking injunctive relief and damages that have resulted from All-Star's trademark infringement.

### **Defendant's Illegal Use of the Trademark Registration Symbol (®)**

35. On information and belief, neither the term "ALL STAR INFLATABLES" nor the "ALL STAR INFLATABLES" Logo are registered trademarks. All-Star knowingly and willfully uses the Trademark Registration Symbol (®) in connection with the term "ALL STAR INFLATABLES" and its "ALL STAR INFLATABLES" Logo (see a screenshot of All-Star's website captured on January 14, 2026 at https://all-starinflatables.com/, Exhibit **"D"**) in an attempt to deceive or mislead consumers or others in the trade into believing that its trademark is registered.

36. On information and belief, neither the term "THE ORIGINAL INFLATABLE FIREHOUSE" nor "THE ORIGINAL INFLATABLE FIREHOUSE SINCE 2000" Logo are registered trademarks. All-Star knowingly and willfully uses the Trademark Registration Symbol (®) in connection with "THE ORIGINAL INFLATABLE FIREHOUSE SINCE 2000" Logo (see Logo depicted below and at All-Star's Inflatable Firehouse website at (https://inflatablefirehouse.com/), Exhibit **"E"**) in an attempt to deceive or mislead consumers or others in the trade into believing that its trademark is registered.



37. The federal trademark registration symbol "®" (namely, the letter "R" enclosed in a circle) is intended to give notice that a trademark has been federally registered in the United States Patent and Trademark Office (the "USPTO").

38. The federal trademark registration symbol may not be used with marks that are not actually registered with the USPTO. Even if an application is pending, the federal trademark registration symbol may not be used until the mark is registered.

39. Registration in a state of the United States does not entitle a person to use the federal trademark registration symbol.

**FIRST CAUSE OF ACTION**
**FEDERAL TRADEMARK INFRINGEMENT**
**Violation of 15 U.S.C. § 1114**

40. Plaintiff incorporates by reference the allegations of paragraphs 1 - 39 of this Complaint.

41. Plaintiff owns the Inflatable Images Mark.

9

42. Defendant's use of the Inflatable Images Mark in its search engine advertising and hidden metadata causes confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendant's goods and services.  As a result of Defendant's unauthorized use of the Inflatable Images Mark in its search engine advertising and hidden metadata, the public is likely to believe that the Defendant's products have been manufactured, approved by, or are affiliated with Scherba.

43. Defendant's unauthorized use of the Inflatable Images Mark in its search engine advertising and hidden metadata falsely represents Defendant's products as emanating from or being authorized by Scherba and places beyond Scherba's control quality of products being sold that are likely to be confused with Scherba's products.

44. Since there is no essential reason for Defendant to use the Inflatable Images Mark, the Defendant is intentionally using the Inflatable Images Mark in its search engine advertising and hidden metadata to sell competing products and to create and intensify the internet-related initial-interest confusion that has already resulted in lost sales of Scherba's products and services.

45. Defendant's infringement of the Inflatable Images Mark is willful and intended to reap the benefit of the goodwill of Scherba and violates 15 U.S.C. § 1114(1).

46. Scherba is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Scherba has no adequate remedy at law for Defendant's wrongful conduct because, among other things, the Defendant's infringement constitutes harm to Scherba such that Scherba could not be made whole by any monetary award; if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the Defendant's products; and the Defendant's wrongful conduct, and the resulting damage to Scherba, is continuing.

47. Scherba is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### Federal Unfair Competition, False advertising, False Designation of Origin, and Passing Off
### Violation of 15 U.S.C. §1125(a)

48. Plaintiff incorporates by reference the allegations of paragraphs 1 - 47 of this Complaint.

49. Defendant's use of the Inflatable Images Mark in its search engine advertising and hidden metadata has caused internet-related initial-interest confusion and is likely to cause confusion, mistakes, or deception as to the source, origin, affiliation, connection, or association of Defendant's goods, services, or commercial activities with Plaintiff, or as to the approval of Defendant's goods, services, or commercial activities by Plaintiff, and thus constitutes infringement of Plaintiff's rights in its Inflatable Images Mark in violation of 15 U.S.C. § 1125(a).

50. Defendant's infringement of Plaintiff's rights in the Inflatable Images Mark occurred with Defendant's knowledge of Plaintiff's ownership in and use of the Inflatable Images Mark.

51. Defendant's improper use of the federal trademark registration symbol "®" (namely, the letter "R" enclosed in a circle) in connection with the term "ALL STAR INFLATABLES" and the "ALL STAR INFLATABLES" Logo is intended to deceive or mislead consumers or others in the trade into believing that its trademark is registered.

52. Defendant's improper use of the federal trademark registration symbol "®" (namely, the letter "R" enclosed in a circle) in connection with the term "THE ORIGINAL INFLATABLE FIREHOUSE" and "THE ORIGINAL INFLATABLE FIREHOUSE SINCE

2000" Logo is intended to deceive or mislead consumers or others in the trade into believing that its trademark is registered.

53. Defendant has intentionally, deliberately and willfully violated 15 U.S.C. § 1125(a).

54. By its aforesaid conduct, calculated to increase business and profits by deceiving and confusing members of the public, Defendant has and continues to misappropriate the valuable goodwill of Plaintiff's Inflatable Images Mark, to infringe Plaintiff's rights therein, and to unfairly compete with Plaintiff and Plaintiff has no adequate remedy at law.  Plaintiff is entitled, therefore, not only to monetary compensation, but also to injunctive relief pursuant to 15 U.S.C. §§ 1116-1118, as more fully set forth below.

## THIRD CAUSE OF ACTION
### Ohio Deceptive Trade Practices, R.C. 4165 *et seq.*

55. Plaintiff incorporates by reference the allegations of paragraphs 1 - 54 of this Complaint.

56. Defendant's actions set forth herein constitute continued violations of Ohio's Deceptive Trade Practices Act, specifically, R.C. 4165.02(A)(1), (2), (3), (7), (9) and (10).

57. Defendants' use of the Inflatable Images Mark in its search engine advertising and hidden metadata tends falsely to represent or designate that Defendant's products and services are licensed by, sponsored by, and/or otherwise affiliated with Plaintiff, when in fact Defendant has no connection with or authorization from Plaintiff.  This constitutes unfair competition and false designation of origin in violation of R.C. 4165, *et seq.*, which violation has damaged and is likely to continue to damage Plaintiff.

58. As a proximate result of Defendant's deceptive trade practices, Plaintiff has been damaged in an amount exceeding $75,000.00 to be proven at trial.

59. On information and belief, as a proximate result of Defendant's deceptive trade practices causing, among other things, internet-related initial-interest confusion, Defendant has unlawfully profited in an amount to be proven at trial.

60. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief pursuant to R.C. 4165.03(A).

61. Defendant has willfully and knowingly engaged in deceptive trade practices in violation of R.C. 4165.02, and therefore Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to R.C. 4165.03(B).

62. If not enjoined, Plaintiff will suffer immediate and irreparable harm in that any value in the Inflatable Images Mark will be lost.

63. If not enjoined, there is a strong likelihood of further injury to Plaintiff's business reputation and dilution of the distinctive value and quality of its Inflatable Images Mark.

64. If not enjoined, consumers and others in the trade will continue to be misled and confused as to whether there is an affiliation between the Defendant and Plaintiff.

65. Plaintiff has shown a probable right of recovery and likelihood of success on the merits of its claims against Defendant and that Plaintiff will suffer imminent, irreparable harm without Court intervention, for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### Declaratory Judgment

66. Plaintiff incorporates by reference the allegations of paragraphs 1 - 65 of this Complaint.

67. There presently exists a real, live, actual, and justiciable controversy between Plaintiff and Defendant concerning Defendant's right to use the Inflatable Images Mark in its search engine advertising and hidden metadata.

68. Pursuant to 28 U.S.C. § 2201 and/or R.C. 2721, *et seq.*, Scherba is entitled to, and requests, a judgment declaring that it is the owner of the entire right, title, and interest in and to the Inflatable Images Mark, that the Inflatable Images Mark has acquired secondary meaning and identifies only the business owned and operated by Scherba, that Defendant's use of the Inflatable Images Mark in its search engine advertising and hidden metadata tends falsely to represent or designate that Defendant's products and services are licensed by, sponsored by, and/or otherwise affiliated with Plaintiff , and for additional declarations as set forth in Plaintiff's Demand for Relief.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. A Declaration that Scherba is the owner of the entire right, title and interest in and to the Inflatable Images Mark;

B. A Declaration that the Inflatable Images Mark has acquired secondary meaning and identifies only Scherba business;

C. A Declaration that Scherba's rights in its Inflatable Images Mark are valid, enforceable and violated by Defendant and that Defendant has infringed Scherba's rights under relevant federal and state laws and regulations;

D. A Declaration that Defendant's use of the Inflatable Images Mark in its search engine advertising and hidden metadata tends falsely to represent or designate that Defendant's products and services are licensed by, sponsored by, and/or otherwise affiliated with Plaintiff;

E. A Declaration that Defendant's use of the federal trademark registration symbol "®" (namely, the letter "R" enclosed in a circle) for marks that it uses in connection with its goods and services is intentional and aimed at deceiving customers.

F. A Declaration that Defendant has falsely designated that its goods and services may perhaps originate from Plaintiff and that Defendant has unfairly competed with Plaintiff in violation of the laws of Ohio;

G. A Judgment that Defendant, its owners, principals, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from: (1) using Plaintiff's Inflatable Images Mark, any marks incorporating the Inflatable Images Mark and any copy, reproduction, colorable imitations or variations thereof; (2) using the Inflatable Images Mark in its search engine advertising and hidden metadata; (3) using any trademark, service mark, name, logo, or source designation of any kind that is likely to cause confusion, mistake, deception or public misunderstanding that Plaintiff's products and services are produced or provided by Defendant, or otherwise misrepresenting in any way the source of origin of any products that the Defendant sells or any services that the Defendant provides; and (4) otherwise infringing Plaintiff's Inflatable Images Mark and competing unfairly with Plaintiff;

H. A Judgment that Defendant be ordered to remove any and all use of the Inflatable Images Mark in its search engine advertising and hidden metadata in (a) any social media

15

platforms, including, without limitation, Facebook, LinkedIn, Twitter and Snapchat, (b) any online marketplaces, including, without limitation, Amazon and eBay, (c) any website pages and all websites owned, used and/or controlled by the Defendant, and (d) any Internet search engines such as Google, Bing and Yahoo;

       I.       A Judgment that Defendant has unclean hands and is barred from: (1) enforcing any legitimate trademark rights for marks that it uses in connection with its goods and services, namely the term "ALL STAR INFLATABLES" and any "ALL STAR INFLATABLES" Logo, and the term "THE ORIGINAL INFLATABLE FIREHOUSE" and "THE ORIGINAL INFLATABLE FIREHOUSE SINCE 2000" Logo; and (2) procuring a federal trademark registration for the term "ALL STAR INFLATABLES" and any "ALL STAR INFLATABLES" Logo and the term "THE ORIGINAL INFLATABLE FIREHOUSE" and "THE ORIGINAL INFLATABLE FIREHOUSE SINCE 2000" Logo.

       J.       A Judgment that Defendant willfully violated Plaintiff's rights and, consequently, that Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged;

       K.       A Judgment that as a direct and proximate cause of the Defendant's actions, Plaintiff has been damaged in a sum in excess of $25,000, to be proven at trial, all for which the Defendant is liable;

       L.       A Judgment that Defendant be required to pay to Plaintiff punitive and exemplary damages;

       M.       A Judgment that Defendant be required to pay to Plaintiff all attorney fees, expenses and costs incurred in this action;

N. That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with paragraphs G and H, above;

O. That Plaintiff be granted such further relief as this Court may deem appropriate.

### JURY DEMAND

Plaintiff, as provided by Rule 38 of the Federal Rules of Civil Procedure, requests trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/Eric M. Kyser*
GLENN R. WILSON (0044054)
ERIC M. KYSER (0093927)
WESTON HURD LLP
1300 East 9th Street, Suite 1400
Cleveland, OH 44114
(216) 241-6602
(216) 621-8369 (fax)
gwilson@westonhurd.com
ekyser@westonhurd.com
Attorneys for Plaintiff

VERIFICATION

I, David Scherba being first duly sworn, affirm that I am the co-owner/operator of Plaintiff. I hereby affirm that, to the best of my knowledge, all of the allegations in this Complaint are true, except for those asserted to be based on information and belief, and as to those, I believe them to be true.

Dated: 1.16.2026

STATE OF OHIO

COUNTY OF Medina

The foregoing instrument was acknowledged before me this January 16, 2026 (date) by David Scherba (name of officer or agent, title of officer or agent) of Scherba Industrus Inc. (name of corporation acknowledging) a Ohio (state or place of incorporation) corporation, on behalf of the corporation.

Notary Public

Printed Name: Mary B. Frazier

My Commission Expires:

4-16-29

[Notary Seal: MARY B FRAZIER - NOTARY PUBLIC, COMM EXP: APR 16, 2029, STATE OF OHIO]